# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CORPAY TECHNOLOGIES OPERATING COMPANY, LLC, § § § *Plaintiff*, § § v. § § FUELMAN SERVICES, LLC D/B/A § FUELMAN PETROL SERVICES § § *Defendant*. § § | Civil Action No. 3:25-cv-743 |

## COMPLAINT

Plaintiff Corpay Technologies Operating Company, LLC ("Corpay") files this Complaint against Defendant Fuelman Services, LLC d/b/a Fuelman Petrol Services ("FPS") for trademark infringement and unfair competition. Corpay has been using the mark FUELMAN for its services, including motor fuel and vehicle maintenance services to vehicle fleet owners in the nature of automobile service stations since 1984 and owns a family of federally-registered Fuelman Marks (as that term is defined below). Defendant has been and continues to infringe Corpay's Fuelman Marks through its use of an identical mark (FUELMAN) in its name, domain name (fuelmanservices.com), and logo as shown below for its gas station services:



## PARTIES

1. Plaintiff Corpay is a Louisiana limited liability company with its principal place of business located at 3280 Peachtree Road, Suite 2400, Atlanta, Georgia 30305.

2. Defendant FPS is a Texas limited liability company registered to do business in Texas that may be served with process by serving its Registered Agent, Roslyn Y Bazzelle, 2799 Katy Freeway, Suite 250 Houston, Texas 77007, or wherever else she may be found.

## JURISDICTION AND VENUE

3. This is a trademark infringement action brought pursuant to the trademark laws of the United States, known as the Lanham Act, Title 15, United States Code § 1051 *et seq*.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over FPS because FPS is a limited liability company registered with the State of Texas and with a principal place of business in Houston, Texas. Additionally, FPS regularly transacts and conducts business in the State of Texas and this District and Defendant's contacts with the State of Texas and this District have been continuous, systematic, and substantial. Defendant has also infringed, contributed to the infringement of, and/or actively induced others to infringe Corpay's trademarks in the State of Texas and in this District.

6. For example, Defendant states on its website at https://fuelmanservices.com/services/fleet-fueling-systems/ that it serves gas stations, convenience stores, truck stops, and corporate fueling facilities, and that it offers these services in Dallas and elsewhere in Texas and in this District.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because FPS is doing business in this District by offering gas station installation, maintenance, and repair services labeled with the infringing Fuelman marks, and advertising its services using the Fuelman Marks in this District, and a substantial portion of the events giving rise to the claims of this action occurred in this District. Venue is also proper under 28 U.S.C. § 1391(c) because FPS is subject to personal jurisdiction in this forum.

## FACTUAL BACKGROUND

### CORPAY'S FUELMAN MARKS

8. Corpay's parent company, Corpay Inc., is a global S&P 500 corporate payments company operating in several different industries. Among the industries that it has primarily operated is in the fuel and transportation industry and is the company behind the Fuelman Fuel Card and Fuelman Merchant Network. Corpay fuel customers utilize the Fuelman Fuel Card to purchase fuel and other services from companies operating within the Fuelman Merchant Network. Corpay, a subsidiary of Corpay, Inc., owns the marks that Corpay, Inc. uses for its Fuelman services.

9. Fuelman Fuel Cards are utilized by Corpay customers to make fuel and other purchases, allow companies to track and approve fuel costs for their fleets, and provides a fuel rebate program. Fuelman Merchant Network is a nationwide network of gas stations that Fuelman Cards can be used at to make these purchases. The Fuelman Merchant Network exists throughout Texas and the entire United States.

10. Corpay owns four different service and trade marks in the FUELMAN family of marks for various services related to transportation and vehicle services, including credit card services for purchasing motor fuels as well as motor fuel and vehicle maintenance services to vehicle fleet owners in the nature of automobile service stations as shown below:

| Mark | Registration No. | Goods/Services |
|---|---|---|
| FUELMAN | 2,914,249 (incontestable) | IC 35: Preparing business reports for the transportation and vehicle fleet industries; billing and data processing services for the transportation and vehicle fleet industries; business management, inventory control, and bookkeeping for transportation and vehicle fleet industries; and wholesale distributorships featuring motor vehicle fuels, lubricants, and petroleum products<br><br>IC 36: Credit Card Services for the purchasing of motor fuels, petroleum products, and vehicle maintenance<br><br>IC 37: Motor fuel and vehicle maintenance services to vehicle fleet owners in the nature of automobile service stations |
| FUELMAN NETWORK (and design) | 3,293,718 (incontestable) | IC 35: Retail gasoline supply services for motor vehicle fleet owners; preparing business reports for the transportation and vehicle fleet industries; billing and data processing services for the transportation and vehicle fleet industries; business management, inventory control, and bookkeeping for transportation and vehicle fleet industries; and wholesale distributorships featuring motor vehicle fuels, lubricants, and petroleum products |
| DRIVEN FOR FUELMAN | 7,140,997 | IC 9: Downloadable computer software for use in fleet management and card processing |

| Mark | Registration No. | Goods/Services |
|---|---|---|
| DRIVEN FOR FUELMAN | 7,140,998 | IC 42: Software for the processing of debit, credit, and fuel cards |

11. A copy of the registration certificates for the Fuelman Marks are attached as Exhibit 1.

12. Corpay has been using the FUELMAN mark since 1984, and the FUELMAN word mark (U.S. Registration No. 2,914,249), as well as the FUELMAN NETWORK mark and design (U.S. Registration No. 3,293,718), are incontestable.

13. The other two FUELMAN Marks all prominently feature the FUELMAN name.

14. Each registration for the FUELMAN Marks is and has been in full force and effect and is valid in all respects.

15. Corpay has been partnering with locally-owned gas stations since 1985 to build the Fuelman Merchant Network and offer Fuelman Fuel Cards. The Fuelman Marks are known by companies in the Fuelman Merchant Network, and companies that use the Fuelman Fuel Cards. The Fuelman Marks represent a service backed by Corpay.

16. Only Corpay and its licensees have the right to use the Fuelman Marks.

17. The Fuelman Marks are used on the Internet, social media, and the physical Fuelman Fuel Cards.



18. Corpay also utilizes the Fuelman Marks in marketing materials to its customers, as well as through direct signage at the Fuelman Merchant Network Locations:



19. As a result of the advertising and extensive use of the Fuelman Marks, Corpay enjoys a significant amount of goodwill amongst relevant customers.

### FPS'S UNLAWFUL ACTIVITIES

20. FPS is a Houston based company that offers 24/7 gas station repair and maintenance services throughout the state of Texas. FPS offers its services in Ausitn, Corpus Christi, Dallas, Del Rio, Eagle Pass, Fort Worth, Houston, Laredo, Rio Grande City, San Antonio, Texarkana, and Victoria.

21. FPS offers a variety of services, including fuel storage tanks, assistance with point of sale systems, equipment installation, construction, and fleet fueling services.

22. FPS has adopted the "Fuelman" name and a Fuelman logo in association with its gas station repair and maintenance services. This includes on its website and social media pages:



23. FPS's is using an identical mark, FUELMAN, to Corpay's Fuelman Marks.

24. Further, FPS's logo appears visually similar to the Fuelman Marks.

25. FPS's addition of the generic/descriptive words "Petrol Services" does not distinguish FPS's infringing mark from Corpay's mark.

26. On information and belief, Defendant was aware of Corpay's Fuelman Marks before adopting their infringing mark.

27. Further, on information and belief, Defendant copied Corpay's Fuelman Marks for its own fuel and transportation related business.

28. Defendant's website is http://fuelmnaservices.com, and similarly uses the Fuelman Marks and follows the same naming convention as Fuelman's Fuel Cards and Fuelman's Merchant Network.

29. The similar names and related services provided by Corpay and FPS result in a likelihood of confusion to the public.

30. FPS is not endorsed by, sponsored by, or affiliated with Corpay in any way.

31. FPS does not have Corpay's permission to use the Fuelman Marks.

32. FPS advertises and promotes its services in the same channels of commerce as Corpay.

33. Due to the overwhelming similarity between FPS's mark and the Fuelman Marks, and the related nature of the services, consumers are likely to mistake FPS's services as offered by or endorsed by Corpay.

34. On information and belief, FPS was aware of Corpay's Fuelman Marks when it chose the name Fuelman Petrol Services and designed the website, logo, and other advertising and marketing materials.

35. FPS knew or should have known that the selection and use of a name including the word Fuelman would enable FPS to trade on the extensive and valuable goodwill and reputation belonging to Corpay's Fuelman Marks.

36. In addition to having constructive notice of the Fuelman Marks, Defendant received actual notice of its infringement from Plaintiff at least as early as December 9, 2024.

37. On December 9, 2024, Corpay, through its senior counsel, sent a letter, a copy of which is attached as Exhibit 2 to the Complaint, to FPS describing Corpay's rights in the Fuelman Marks and requesting that FPS immediately stop infringing Corpay's Fuelman Marks. No response was received to this letter.

38. On January 16, 2025, Corpay, through its counsel of record, sent a second letter to FPS, a copy of which is attached as Exhibit 3 to the Complaint. This letter again requested that immediately stop infringing the Fuelman Marks.

39. FPS did not respond to Corpay's demands until January 30, 2025. FPS has refused to cease its infringement of Corpay's Fuelman Marks even after being put on actual notice of its infringement.

40. On information and belief, FPS's acts have been, and are being, committed with a deliberate purpose and intent of appropriating and trading upon Corpay's goodwill and reputation.

41. FPS's continued unauthorized use of marks that are confusingly similar to the Fuelman Marks is willful and intentional.

42. FPS makes no effort to distinguish its services from those provided by Corpay through disclaimers or other distinguishing elements, even after being notified by Corpay that its use of nearly identical trademarks was likely to confuse consumers and harm Corpay's Fuelman brand.

43. As a result of FPS's unauthorized use of the Fuelman Marks, and its refusal to cease use, Corpay has suffered and will continue to suffer damages and irreparable harm to its goodwill and reputation, as well as the ability to distinguish its services from those of FPS in the minds of potential customers.

## CLAIMS FOR RELIEF

**Count I: Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114**

44. Corpay incorporates by reference the allegations in all preceding paragraphs.

45. Corpay is the owner of valid and subsisting U.S. registrations for the Fuelman Marks identified above and in Exhibit 1.

46. Defendant's wrongful and unauthorized use in commerce of the Fuelman Marks to promote, market, and advertise its gas station installation, maintenance, and repair services constitutes trademark infringement under 15 U.S.C. § 1114, as it is likely to cause confusion, mistake, or deception.

47. Defendant's intentional and willful infringement of the Fuelman Marks has caused, and will continue to cause, damage to Corpay, and is causing irreparable harm to Corpay for which there is not adequate remedy at law. Therefore, Corpay is entitled to injunctive relieve against Defendant.

48. Corpay is entitled to recover Defendant's profits, its actual damages, and the costs of this action. Corpay is further entitled to recover treble damages and attorneys' fees under 15 U.S.C. § 1117, as this is an exceptional case due to Defendant's willful conduct.

**Count II: Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125**

49. Corpay incorporates by reference the allegations in all preceding paragraphs.

50. Corpay is the owner of valid U.S. registrations for the Fuelman Marks identified above.

51. The Fuelman Marks are distinctive marks that are associated with Corpay and exclusively used to identify Corpay's business and services.

52. Defendant has used, and continues to use, in commerce one or more words, terms, names, symbols, devices, designs and combinations thereof and/or false descriptions of the origin that are likely to cause confusion, or to cause mistake, or deceive as to the affiliation, connection, or associate of Defendant with Corpay and/or as to the origin, sponsorship, or approval of the services and products and commercial activities of Defendant, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to the Fuelman Marks, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53. Defendant's actions described above have, at all times relevant to this action, been willful and intentional.

54. As a result of Defendant's actions, Corpay has been damaged and will continue to be damaged. Corpay is entitled to recover Defendant's profits, its actual damages, and the costs of this action. Corpay is further entitled to recover treble damages and attorneys' fees under 15 U.S.C. § 1117, as this is an exceptional case due to FPS's willful conduct.

## **DEMAND FOR JURY TRIAL**

55. Plaintiff demands a jury trial of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief against Defendant, including, but not limited to:

1. Actual, treble, and exemplary damages;

2. In accordance with 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendant and Defendant's officers, agents, servants, employees, affiliates, contractors, and attorneys, and all persons in active concert or participation with Defendant from using the Fuelman Marks or marks that are confusingly similar to the Fuelman Marks;

3. In accordance with 15 U.S.C. §§ 1117(a) and (d), award Corpay all of Defendant's profits from the aforesaid acts of trademark infringement and unfair competition;

4. In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in Corpay's favor and award Corpay its reasonable attorney's fees, costs, and expenses of this action;

5. Award Corpay its costs and pre-judgment interest at the maximum allowable interest rate; and

6. Grant Corpay such other relief, at law or in equity, to which it is justly entitled.

Date:   March 26, 2025                    Respectfully submitted,

                                               By:   */s/ Justin S. Cohen*

**Justin S. Cohen**
Texas Bar No. 24078356
Justin.Cohen@hklaw.com
**Morgan J. Delabar**
Texas Bar No. 24116625
Morgan.Delabar@hklaw.com

**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
Telephone: (214) 964-9500
Facsimile: (214) 964-9501

*Attorneys for Plaintiff*
*Corpay Technologies Operating Company, LLC*